August 19, 2026

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

**RE: *In Re: Administrative Subpoena No. 25-1431-019*, Nos. 25-2092, 26-1093: Petitioner-Appellee's Response to the Government's August 17, 2026 Letter**

Dear Ms. Dubrovsky:

The government's reliance on *QueerDoc, PLLC v. United States Department of Justice*, No. 25-7384 (9th Cir. Aug. 14, 2026), is misplaced. That divided panel decision is distinguishable and, in any event, wrongly decided.

*QueerDoc* turned on facts absent here. The majority concluded that DOJ had identified a plausible Food, Drug, and Cosmetic Act ("FDCA") theory based on QueerDoc's website, which the majority indicated "promote[s] the off-label use of [puberty blockers and cross-sex hormones], instruct[s] users how to administer them, tell[s] users where to obtain them, and claim[s] that any effects are 'completely reversible,'" as well as "suggests that [QueerDoc] may be engaged in fraudulent billing practices." Op. 28. Relying on those statements and a declaration (submitted before judgment) explaining DOJ's theory, the majority found "no mismatch" between QueerDoc's activities and the asserted investigation. *Id.* at 46.

In this case, DOJ offered no coherent FDCA theory connecting Boston Children's Hospital ("BCH") to misbranding. BCH Br. 29-38. DOJ cited no BCH public representations that could constitute drug "labeling," and submitted no timely declaration or other evidence of a proper purpose. Add.11. DOJ also conceded that the investigation's aim was "to eliminate the medicalized gender-affirming care of minors." App.69. Those facts readily supported the district court's factual finding that DOJ was using a federal investigation to intimidate BCH into ending lawful care (over which DOJ lacks any Congressional authorization), not pursuing a bona fide investigation of potential federal offenses.

The *QueerDoc* majority acknowledged that a mismatch between a subpoena and DOJ's asserted theory may evidence improper purpose. Op. 45-46. Here, the mismatch is stark. DOJ's implausible FDCA theory combined with the unauthorized policy objective being pursued collaterally through the investigation demonstrates that this subpoena is not a legitimate exercise of federal law-enforcement authority. It is an intimidation campaign to coerce BCH into abandoning lawful care. The well-reasoned dissent in *QueerDoc* demonstrated that the same was true in that case, but this Court need not question the majority's thinly supported contrary

conclusion, given the strikingly different facts here. Nothing in *QueerDoc* indicates that the district court's improper-purpose finding here was an abuse of discretion.

Sincerely,

*<u>/s/ Alan Schoenfeld</u>*
Alan Schoenfeld
WilmerHale

*<u>/s/ Joshua S. Levy</u>*
Joshua S. Levy
Ropes & Gray