WILMERHALE

ROPES & GRAY

September 25, 2026

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

**RE:** ***In re: Administrative Subpoena No. 25-1431-019, Nos. 25-2902, 26-1093:*** **Petitioner-Appellee's Submission as Supplemental Authority of DOJ Press Releases Regarding Settlements with Mount Sinai Health System, New York University Langone Hospitals, and University of Pittsburgh Medical Center**

Dear Ms. Dubrovsky:

Petitioner-Appellee Boston Children's Hospital ("BCH") submits pursuant to Fed. R. App. P. 28(j) the following supplemental authorities: DOJ's September 4, 2026, press release announcing a settlement with Mount Sinai Health System ("Mount Sinai") (Ex. A), and DOJ's September 18, 2026, press release announcing settlements with New York University Langone Hospitals ("NYU") and the University of Pittsburgh Medical Center ("UPMC") (Ex. B). The announcements further demonstrate that the subpoena to BCH was issued in an effort to "settle a collateral dispute," as forbidden by *United States v. Powell*, 379 U.S. 48, 58 (1964).

The headlines of the releases regarding the settlements with Mount Sinai, NYU, and UPMC characterize the settlements as "Agreements … to End Pediatric 'Gender-Affirming Care.'" Exs. A, B. Invoking "similar agreements with Mount Sinai Health System in New York, Texas Children's Hospital, the Cleveland Clinic Foundation, and Connecticut Children's Hospital," the NYU/UPMC announcement quotes Attorney General Todd Blanche as stating that "[t]he Department of Justice is working tirelessly to reach agreements with hospitals to end so-called 'gender affirming care' for minors." Ex. B. With these settlements, DOJ has now succeeded as to 6 of the approximately 20 original subpoena recipients in what the District Court correctly held was DOJ's "true purpose of issuing the subpoena[s][, which] is to interfere with the [States'] right to protect GAC within [their] borders, to harass and intimidate [subpoenaed hospitals] to stop providing such care, and to dissuade patients from seeking such care." DOJ Br. Add. 14; *cf. U.S. v. Gertner*, 65 F.3d 963, 971 (1st Cir. 1995) (affirming district court's refusal to enforce IRS summons when the "government's actual purpose in issuing the summonses" was improper).

Sincerely,

| | | |
|---|---|---|
| <u>*/s/Alan Schoenfeld*</u> | <u>*/s/ Joshua S. Levy*</u> | <u>*/s/ Douglas Hallward-Driemeier*</u> |
| Alan Schoenfeld | Joshua S. Levy | Douglas Hallward-Driemeier |
| WilmerHale | Ropes & Gray | Ropes & Gray |